**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

MICHAEL JAMES DIGGINS, II                                                            PLAINTIFF

v.                                    Case No. 4:19-cv-000942-KGB-PSH

FAULKNER COUNTY
DETENTION CENTER, Unit 2, *et al.*                                                  DEFENDANTS

<u>**ORDER**</u>

Before the Court are the motion *in limine* of defendant Thad Kilpatrick, the motion *in limine* of plaintiff Michael James Diggins, II, and Mr. Diggins's request for judicial notice (Dkt. Nos. 69; 71; 76). The Court conducted a pretrial conference with counsel and the parties on May 9, 2022, at which certain additional matters were raised. For the reasons set forth below, the Court grants, in part, and denies, in part, Mr. Kilpatrick's motion *in limine*, grants Mr. Diggins's motion *in limine*, and takes under advisement Mr. Diggins's request for judicial notice.

    **I.**    **Mr. Kilpatrick's Motion *In Limine***

        **A.**    **Faulkner County's Use Of Force Or Restraint Policies**

Mr. Kilpatrick moves *in limine* to exclude evidence of Faulkner County's use of force and/or restraint policies. The Court entered an Order dismissing claims against separate defendants Faulkner County Sheriff's Office and Faulkner County Detention Center for failure to state a claim upon which relief may be granted on January 19, 2021 (Dkt. No. 39). Mr. Kilpatrick asserts that, because all claims against the Faulkner County defendants have been dismissed, the introduction of Faulkner County's policies are irrelevant and will only serve to confuse the jury (Dkt. No. 70, at 1-2 (citing Fed. R. Evid. 402, 403)). Mr. Kilpatrick also points out that a violation of a departmental policy is not a constitutional violation and does not support a § 1983 claim (Dkt. No. 70, at 1 (citing *Delaney v. Ashcraft*, Case No. 05-6045, 2007 WL 1322146, at *11 (W.D. Ark.

May 4, 2007), *aff'd,* 295 F. App'x 115 (8th Cir. 2008) (citing, e.g. *Neal v. St. Louis County Board of Police Commissioners* 217 F.3d 955, 959 (8th Cir. 2000)).

The Court denies the motion.  The Court concludes that the policy is helpful to understanding what is a reasonable use of force for an officer at Faulkner County Detention Center.

### B.       Other Force Incidents

Mr. Kilpatrick moves *in limine* to exclude other uses of pepper spray by Mr. Kilpatrick asserting that they are not relevant to any claim or defense in this case because it is not "of consequence in determining the action" under Federal Rule of Evidence 401(a).  Mr. Kilpatrick contends that Mr. Diggins's claim of excessive force arises out of the May 28, 2018, incident and must rise or fall on its own merits without reference to other unrelated force incidents, which are irrelevant and inadmissible under Federal Rule of Evidence 402.  Mr. Kilpatrick argues that, if the Court finds that the other force incidents involving Mr. Kilpatrick are relevant, they should be excluded as inadmissible under Federal Rule of Evidence 403 because their probative value is substantially outweighed by a danger of unfair prejudice "because the jury might be misled into drawing the unfair inference that he is violent, prone to getting into altercation with inmates or otherwise posses some other negative characteristic." (Dkt. No. 70, at 2-3).  Additionally, Mr. Kilpatrick contends the evidence is not admissible to demonstrate that, because Mr. Kilpatrick was involved in unrelated force incidents at the Faulkner County Detention Center, he is violent, prone to get into altercations with inmates, or otherwise helps prove he used "excessive force" in this particular case under Federal Rule of Evidence 404(b) (*Id.*, at 3).

The Court grants Mr. Kilpatrick's motion *in limine* to exclude other uses of pepper spray by Mr. Kilpatrick.  On the limited record before the Court, the fact that Mr. Kilpatrick may have used pepper spray in other situations is not relevant to his use of pepper spray in this instance, and

the evidence is inadmissible.  *See* Fed. R. Evid. 401, 402, 403, 404(b).  All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

## C.     Previously Dismissed Claims And Defendants

Mr. Kilpatrick moves *in limine* to exclude Mr. Diggins from referring to, commenting on, examining witnesses regarding, or suggesting to the jury in any way that Mr. Diggins was denied adequate medical care or that any other defendant, including Faulkner County, was liable for the alleged use of excessive force.  The Court entered an Order dismissing claims against separate defendants Faulkner County Sheriff's Office and Faulkner County Detention Center for failure to state a claim upon which relief may be granted on January 19, 2021, and the Court entered an Order granting Mr. Kilpatrick's motion for summary judgment with respect to Mr. Diggins's denial of adequate medical care claims against Mr. Kilpatrick and all claims asserted against Mr. Kilpatrick in his official capacity on July 19, 2021 (Dkt. Nos. 39; 51).

The Court grants Mr. Kilpatrick's motion *in limine*.  All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further,

all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

### D.     References To Undocumented Injuries And Self-Diagnoses

Mr. Kilpatrick moves *in limine* to exclude testimony or evidence of any injuries other than those for which he has provided medical documentation (Dkt. No. 70, at 4).  Mr. Kilpatrick asserts that any testimony by Mr. Diggins offering an undocumented self-diagnosis is inadmissible hearsay and lacks foundation (*Id.*).  Following the incident at issue in this case, Mr. Diggins was seen by three medical care providers:  Conway Regional Health Systems, Baker Eye Institute, and Magie Eye Associates (*Id.*).  Mr. Kilpatrick contends that Mr. Diggins will refer to alleged injuries in front of the jury that are not documented by admissible evidence or supported by medical expert testimony, specifically that Mr. Diggins suffers from eye amblyopia ("lazy eye") (*Id.*).  Mr. Kilpatrick asserts that Mr. Diggins has not presented medical records or expert testimony diagnosing him with amblyopia and should not be allowed to testify to a self-diagnosis (*Id.* (citing *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006); *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002)).

In *Alberson v. Norris*, the Eighth Circuit Court of Appeals concluded that to state a claim of inadequate medical treatment for § 1983 purposes a prisoner who suffered a stroke after prison officials failed to provide him with blood pressure medication must provide expert medical testimony to prove causation because a stroke is a sophisticated injury which could be caused by numerous factors other than lack of medication.  458 F.3d at 766.  Similarly, in *Robinson v. Hager*, the Eighth Circuit Court of Appeals concluded that, when an injury is sophisticated, proof of causation generally must be established by expert testimony.  292 F.3d at 564.  Mr. Kilpatrick

maintains that Mr. Diggins has no "verified proof" that the pepper spray caused him medical problems including amblyopia in order for him to testify to that at trial (*Id.*, at 5).

Proof of injuries in this case is relevant for damages, not to a claim of inadequate medical treatment.  Further, Federal Rule of Evidence 803(3) and 803(4) provide exceptions to the rule against hearsay that relate to then-existing mental, emotional, or physical condition and statements made for medical diagnosis or treatment.  At this stage of the litigation, the Court denies the motion.  Mr. Kilpatrick may object at trial to testimony that is not being offered to establish damages.

### E.    References To Settlement Conference

At the pretrial conference, counsel for Mr. Kilpatrick moved to exclude references to the discussions the parties had at the settlement conference held with United States Magistrate Judge Patricia S. Harris.  Counsel for Mr. Diggins did not object.  All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

### F.    Video

At the pretrial conference, counsel for Mr. Kilpatrick moved to exclude any reference to the absence of a video of the incident at issue in this case.  Counsel for Mr. Diggins indicated that he believes that he is entitled to question Faulkner County Detention Center officials about the fact that there is typically video available of these types of incidents but that a video is not available

for this incident.  The Court denies Mr. Kilpatrick's motion to exclude reference to the lack of a video.  Mr. Diggins's counsel may question a witness about the lack of a video but should approach the bench to seek further guidance from the Court before attributing to Mr. Kilpatrick the nonexistence of the video.

**G.**     **Discovery Requests**

During the pretrial conference, counsel for Mr. Kilpatrick stated that it was recently served with discovery requests from Mr. Diggins involving a case before Chief United States District Judge D.P. Marshal in which Officer Kilpatrick was a dismissed defendant.  Mr. Kilpatrick seeks to have any mention to the discovery requests and his failure to respond to requests excluded.  The Court grants the motion and further excludes any reference to Officer Kilpatrick being a defendant in the other case, as there is no basis that the facts of the other case are substantially similar to this case and as the Court understands Officer Kilpatrick was dismissed as a party prior to trial in the other case.  *See* Fed. R. Evid. 401, 402, 403, 404(b).

**II.**     **Mr. Diggins's Motion *In Limine***

Mr. Diggins moves *in limine* to exclude reference, introduction and use of his criminal history for  violation of a domestic no contact order (Dkt. No. 71, ¶ 1).  Mr. Diggins asserts that he does not have a conviction that meets the requirements of Federal Rule of Evidence 609(a) and that the prejudicial effect of any criminal history outweighs the probative value under Federal Rule of Evidence 403 (*Id.*, ¶ 3).

Mr. Kilpatrick responds that he intends to impeach Mr. Diggins with his felony convictions and crimes of dishonesty from the last ten years, but he does not anticipate raising Mr. Diggins's

violation of a court order that did not result in a criminal conviction.[1]  Mr. Kilpatrick asserts that Federal Rule of Evidence 609 requires that felony convictions and incarcerations for convictions that occurred in the last ten years "must" be permitted where the convicted party is giving testimony in a civil case like the one at issue here (Dkt. No. 73, at 1).  Mr. Kilpatrick points out that mandatory admissibility is subject only to Federal Rule of Evidence 403 (*Id*.).  Mr. Kilpatrick maintains that Mr. Diggins has not come forward with a convincing argument that his felony conviction would create any more prejudice than any other felony convictions or that his convictions are more prejudicial than probative, and any implied argument that his convictions do not contain an element of dishonesty is immaterial as a matter of law (*Id*., at 1-2).  Finally, Mr. Kilpatrick points out that the Court may use a jury instruction to limit the consideration of Mr. Diggins's felony convictions to the issue of credibility (*Id*., at 2).

Federal Rule of Evidence 609(a) provides:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant . . .

Fed. R. Evid. 609.

For the reasons stated in open Court on the record in this matter, Mr. Diggins has established pursuant to Federal Rule of Evidence 403 that the probative value of his felony conviction is substantially outweighed by considerations under Rule 403.  Mr. Diggins's prior

---

[1]  Counsel for Mr. Kilpatrick states that it will alert the Court, outside the hearing of the jury, if counsel intends to raise the issue of Mr. Diggins's violation of the court order.  The Court orders counsel for Mr. Kilpatrick to do so prior to eliciting any testimony, offering any evidence, or making any argument regarding this matter before potential jurors or jurors seated to try this case.

felony conviction was the result of a no contest plea, the circumstances of which were discussed by the Court at the pretrial hearing.  The Court grants Mr. Diggins's motion *in limine* (Dkt. No. 71).

### III.    Motion For Ruling On Judicial Notice

Mr. Diggins requests the Court take judicial notice under Federal Rule of Evidence 201 of the following facts:  Mr. Diggins was released on May 30, 2018, by the Circuit Court of Faulkner County, Arkansas(Dkt. No. 76).  The Court takes this motion under advisement.

It is so ordered this the 9th day of May, 2022.

Kristine G. Baker
United States District Judge